IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SHANNON GLEN WINWARD,<br><br>    Petitioner,<br><br>v.<br><br>ROLLIN COOK,<br><br>    Respondent. | **MEMORANDUM DECISION &<br>ORDER GRANTING MOTION TO<br>DISMISS HABEAS PETITION**<br><br>Case No. 2:17-CV-582-DB<br><br>District Judge Dee Benson |

  This petition, (Doc. No. 1), attacks Petitioner's conviction and sentencing and the consequent execution of his sentence. 28 U.S.C.S. § 2241, 2254 (2019); *see McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (stating 2241 petitions "are used to attack the execution of a sentence, in contrast to § 2254 habeas . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence").

  Under § 2254, Petitioner apparently argues that his conviction violated his rights against double jeopardy and to effective assistance of counsel, and that he was sentenced to an unconstitutional indeterminate sentence. Under § 2241, he argues that Utah Board of Parole and Pardons (BOP) improperly executed his sentence by overshooting "the matrix," not affording him due process, and violating separation-of-powers tenets.

  On May 16, 2018, Respondent moved to dismiss, (Doc. No. 6), arguing the petition was filed past the federal period of limitation, 28 U.S.C.S. § 2244(d) (2019). Nearly eighteen months later, Petitioner has still not responded to the motion to dismiss. Still, after thoroughly examining the documents at hand, the Court grants the motion to dismiss.

## A. 2254 Claims

For purposes of this Order only and giving Petitioner the benefit of the doubt, the Court assumes that the federal period of limitation on this habeas petition started to run on the date upon which Petitioner's state post-conviction petition was finally rejected by the Utah Supreme Court: July 29, 2015. *Winward* v. State, 2015 UT 61, *cert. denied*, 136 S. Ct. 1495 (2016), *reh'g denied*, 136 S. Ct. 2480. A state post-conviction petition is not "still 'pending' when the state courts have entered a final judgment on the matter but a petition for certiorari has been filed in [the United States Supreme Court]." *Lawrence v. Florida*, 549 U.S. 327, 329 (2007).

Thus, the very latest the federal period of limitation could have started running here is July 29, 2015. Using that date, the Court calculates its expiration on July 28, 2016. This petition was not filed until nearly eleven months later, on June 13, 2017. *See* 28 U.S.C.S. § 2244(d) (2019). And, Petitioner has not suggested any reason why the one-year limitation period should be tolled. *See, e.g.*, *id*. § 2244(d)(2) (statutory tolling); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (equitable tolling). Petitioner's attacks on his conviction and sentencing are therefore denied as untimely.

## B. 2241 Claims

Petitioner argues BOP's decision that he must serve out his life sentence violates constitutional principles. But, fatal to his § 2241 arguments, Petitioner does not validly argue that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.S. § 2241(c)(3) (2019).

It is true that Utah's indeterminate sentencing regime leaves BOP to decide within his indeterminate term just how long Petitioner will serve. *See Baker v. Utah Bd. of Pardons and*

*Parole*, No. 2:16-CV-756 DN, 2019 U.S. Dist. LEXIS 72931, at *5-6, 2019 WL 1896578 (D. Utah Apr. 29, 2019). But, though Petitioner does not acknowledge this fact, Utah's indeterminate sentencing scheme has been explicitly ruled to be constitutional. *Straley v. Utah Bd. Of Pardons*, 582 F.3d 1208, 1213 (10th Cir. 2009).

Further, it is well settled that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). "Parole is a privilege," not a federal constitutional right. *Lustgarden v. Gunter*, 966 F.2d 552, 555 (10th Cir. 1992). More specifically, the Utah parole statute does not create a liberty interest entitling prisoners to federal constitutional protection. *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994).

Finally, based on *Labrum v. Utah State Bd. of Pardons,* 870 P.2d 902 (Utah 1993), Petitioner argues his due-process rights were violated in parole determinations. However, because *Labrum* is Utah law, it is neither controlling nor persuasive in this federal case. Again, federal habeas relief is triggered only by violations of the United States Constitution or laws. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Errors of state law do not constitute a basis for relief. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Petitioner's arguments based on state law are thus unavailing.

## CONCLUSION

Petitioner's § 2254 claims are untimely, with no basis for tolling. Moreover, Petitioner's § 2241 claims do not state federal constitutional violations. In sum, he has not stated a claim upon which relief may be granted.

**IT IS ORDERED** that:

(1) Respondent's motion to dismiss is **GRANTED**. (Doc. No. 6.)

(2) Attorney Thomas M. Burton's arguments as to his suspension of practice in Utah are not addressed; they are inappropriately raised in this federal habeas case involving his former client, Petitioner. (Doc. Nos. 11, 16, 18 & 19.)

(3) The following documents impermissibly filed by attorney Burton after his suspension, (Doc. No. 20-2) (stating Burton suspended from practice of law in Utah on April 10, 2018 for three years), are **STRICKEN** from the docket here: Documents 11, 15, 16, 18, and 19.

(4) A certificate of appealability is **DENIED**.

(5) The Clerk of Court is directed to **CLOSE** this action.

DATED this 24th day of October, 2019.

BY THE COURT:

_____
DEE BENSON
United States District Judge